IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Concepta Business Solutions, LLC, *et al.*, | : | Case No. 1:16-cv-438 |
| | : | |
| Plaintiffs, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | |
| Cogent Analytics, LLC f/k/a Braiman & | : | Order |
| Associates, LLC, *et al.*, | : | |
| | : | |
| Defendants. | : | |

This matter is before the Court on the following filings: Plaintiffs' Motion to Dismiss

Pursuant to FRCP 41(a)(2) filed by HCMM, Inc., Ripberger, Maguire & Matthews, Inc., and

Patrick Maguire (Doc. 53), Plaintiffs' Motion to Dismiss Pursuant to FRCP 41(a)(2) filed by

Concepta Business Solutions, LLC, Sandra Pineda, and David Pineda (Doc. 54), and

Defendants' Motion for Attorneys' Fees and Costs (Doc. 55).

The precursor for these filings was Plaintiffs' counsel's withdrawing as counsel, which

the Court permitted by Court Order on October 13, 2016.  In its Order Granting G. Antonio

Anaya's Motion to Withdraw as Counsel for Plaintiffs, the Court allowed the parties sixty days

to obtain new counsel, who were instructed to file a Notice of Appearance, or to file a Notice of

*Pro Se* Representation with the Court informing the Court as such.  The parties were advised that

although individuals are permitted to proceed *pro se*, corporations must be represented by an

attorney.  The Court stated in its Order, "If the Court has not received a Notice of Appearance or

Notice of *Pro Se* Representation from a party within sixty days, the claims asserted by that party

will be dismissed."  (Doc. 52 at PageID 2255.)

The Court did not receive a Notice of Appearance, either *pro se* or by an attorney, on

behalf of any of the Plaintiffs within the sixty-day window allocated by the Court.  Instead, the

Court received two Motions to Dismiss, asking the Court to dismiss the claims asserted under Fed. R. Civ. P. 41(a)(2).[1] Plaintiffs stated they were unable to secure replacement counsel and "plaintiffs are unable to proceed *Pro Se*." Although the filings do not comport with the Court's Order, the Court will nevertheless broadly construe them as requests for voluntary dismissal under Rule 41(a)(2). Defendants shortly thereafter filed a Motion for Attorneys' Fees and Costs (Doc. 55). In their Memorandum in Support, Defendants ask that the Court find that the dismissal requested by Plaintiffs be conditioned on being a dismissal with prejudice such that Defendants are found to be "prevailing parties," or that the dismissal be without prejudice but include the assessment of attorneys' fees and/or costs against Plaintiffs. In addition, the Court may consider other terms, such as whether the case should be dismissed with prejudice, without the payment of fees.

The Court set this matter for a Settlement Conference on February 16, 2017. The matter did not resolve. Accordingly, the Court turns its attention to the aforementioned filings.

Under Rule 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."

The Court therefore is now left to consider whether to dismiss Plaintiffs' claims pursuant to Rule 41(a)(2), and on what terms for dismissal the Court considers proper. Presumably, based on their filings, Plaintiffs would like the Court to dismiss this action without prejudice and with

---

[1] The Court notes that Doc. 54 was filed after the 60-day clock ran. In any event, neither Doc. 53 nor Doc. 54 constitutes a Notice of Appearance.

no other terms attached.  As previously mentioned, Defendants argue that the Court should consider "proper terms" to be dismissal with prejudice, or, alternatively, dismissal without prejudice with the award of attorney's fees and/or sanctions.

Despite the fact that Plaintiffs did not comply with the Court's sixty-day Order, the Court will permit appearances by Plaintiffs for the limited purpose of briefing the issue of dismissal. Plaintiffs again are advised that corporations *may not* represent themselves *pro se*.

Accordingly, the Court sets the following schedule:

(1) Within fourteen (14) days of entry of this Order, Defendants are directed to file time records supporting their requests for fees in this case and to clarify the status of any counterclaims that may remain.  Defendants may also submit a supplemental brief on whether it would be appropriate for this Court to dismiss this case with prejudice, without the imposition of any other terms and conditions, including an award of fees and costs.  Defendants' supplemental filing should be no more than seven (7) pages.

(2) Within twenty-one (21) days of Defendants' submission, Plaintiffs may respond to Defendants' Motion for Sanctions and supplemental filing.  However, because of the unusual posture of this case, the Court requires that each Plaintiff first clarify his or her status with the Court as outlined herein.

   a. Individuals who chose to represent themselves must first file a Notice of Appearance *Pro Se*.  A Notice of Appearance *Pro Se* is a document mailed to the Clerk's Office titled "Notice of Appearance *Pro Se*."  Under the title of the document, the individual proceeding *pro se* must state his or her contact information (name, address, phone number, and email address) and include a statement that he or she is proceeding in this action as a *pro se* plaintiff.  If

3

any Plaintiff is confused about what this filing entails, he or she may call the Judge's chambers at (513) 564-7630 for clarification.  The Notice of Pro Se Representation must be made prior to the submission of a substantive pleading.

    b. <u>If any Plaintiffs retain counsel, counsel must file a Notice of Appearance and designate the specific parties he or she is representing</u>.  A Notice of Appearance must be made prior to the submission of any substantive pleading.[2]

    **c.** <u>If the Court does not receive a filing from any plaintiff, *pro se* or represented, within the twenty-one day window, Defendants may proceed with default judgment</u>.

(3) If filings are timely made by Plaintiffs, within fourteen (14) days of Plaintiffs' submissions, Defendants may submit a reply brief.  Defendants also may submit a proposed order for the Court's consideration with their reply brief.

(4) Following this, the Court will review all pleadings.  If the Court determines that a hearing is necessary, it will notify the parties and set a date for a hearing on the matter.  In the event that the Court concludes that a dismissal other than as proposed by Plaintiffs is appropriate, including a dismissal with prejudice, a dismissal with prejudice with a determination that Defendants are a "prevailing party," or a dismissal without prejudice but with an award of fees/costs, then before so ruling, the Court will notify the parties first to allow Plaintiffs time to withdraw their request.

---

[2] The Court notices that Mark C. Collins has filed pleadings in this action.  Mr. Collins should file a Notice of Appearance specifying all clients he is representing.

(5) In the meantime, the Court encourages the parties to consult with one another about

resolving this matter through a settlement.  The parties have expended significant

time and resources to date.  The parties may contact the Court for further assistance in

this regard.

IT IS SO ORDERED.


        S/Susan J. Dlott_____
        Judge Susan J. Dlott
        United States District Court